MCKOOL SMITH P.C.
Peter S. Goodman
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

- and –

MCKOOL SMITH P.C.
Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
<u>In</u> <u>re</u> : Chapter 11 Case No.
: 
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,** : 09 - 10691 (REG)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x
: 
**JOHN DeGROOTE SERVICES, LLC,** :
: 
    **Plaintiff** :
: 
vs. : Adversary No. _____
: 
**3M COMPANY, INC.** :
: 
    **Defendant.** :
---------------------------------------------------------------x

**COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL TRANSFERS PURSUANT TO**
<u>**11 U.S.C. §§ 547 AND 550**</u>

John DeGroote Services, LLC, in its capacity as Liquidating Trustee of the BearingPoint, Inc. Liquidating Trust (the "Liquidating Trustee") files this Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550, and in support thereof asserts as follows.

## JURISDICTION AND VENUE

1. This adversary proceeding arises in the jointly-administered chapter 11 cases of the above-referenced Debtors now pending in this Court (the "Bankruptcy Cases").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547 and 550.

3. Venue of this adversary proceeding lies in the Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(F). This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## PARTIES

5. On February 18, 2009 (the "Petition Date"), BearingPoint Inc. ("BearingPoint") and certain of its affiliated subsidiaries (collectively with BearingPoint, the "Debtors") filed voluntary petitions for relief under Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), jointly administered under Case No. 09-10691 (REG).

6. By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated November 2, 2009 (the "Plan"). The Plan has become effective by its terms.

7. Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("Trust Agreement"). Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust.

8. Pursuant to Article 5.7 of the Plan, the Debtors' avoidance actions under Chapter 5 of the Bankruptcy Code were transferred to the Liquidating Trust. Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Trustee is authorized to enforce, prosecute, settle or compromise any and all such claims.

9. Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute, the claims asserted in this lawsuit.

10. John DeGroote Services, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 100 Crescent Court, Suite 700, Dallas, Texas, 75201.

11. 3M Company, Inc. ("3M") is a corporation organized under the laws of Delaware with its principal place of business at 3M Center, BLDG 224-5N-40, Saint Paul, MN 55144-1000. 3M will be served by certified mail addressed to: (i) George W. Buckley, Chairman, President, and CEO, 3M Center, BLDG 224-5N-40, Saint Paul, MN 55144-1000, and (ii) 3M's registered agent, CT Corp System, 350 N Saint Paul St., Dallas, TX 75201-4240.

## BACKGROUND FACTS

### Reseller Agreement (Missouri)

12. On October 1, 2007, BearingPoint was awarded a contract with the Missouri (the "Missouri DMV Contract") to assist Missouri with implementation of a system related to Missouri's Department of Motor Vehicles records system. Under the agreement, BearingPoint was required to provide six software modules to Missouri.

13. On March 26, 2008, 3M and BearingPoint entered into the Reseller Agreement, granting BearingPoint the right to sell and sublicense certain software and customizations to Missouri. *Reseller Agreement*, at § 1. 3M also granted BearingPoint a non-exclusive license to access, use, modify, and create derivative works of the software and customization for the purpose of performing or supporting certain business activities of Missouri. *Id.*, at § 2. 3M was not required to provide any technical or sales support to BearingPoint or Missouri. *Id.*, at § 7. Nor was 3M required to provide BearingPoint or Missouri with upgrades, updates, enhancements, or new releases except in certain limited situations. *Id*. The agreement provides that the sublicenses granted to Missouri survived termination of BearingPoint's license upon completion of its work. *Id.*, at § 3.

14. BearingPoint licensed four software modules, derived from 3M software, to Missouri. BearingPoint did not install the remaining two modules because Missouri stopped implementation of the new system. Upon information and belief, BearingPoint performed no work for Missouri after the petition date.

15. The Reseller Agreement required BearingPoint to pay 3M a license fee of $6.6 million. *Id.* at § 3. The license fee was payable in six equal installments of $1.1 million, to be invoiced on six specific dates over the course of approximately one year. *Id*. Payments were due 45 days after the invoice dates. *Id.* BearingPoint paid the first four of the six installment payments.

16. BearingPoint did not assume either the Missouri DMV contract or the Reseller Agreement during its bankruptcy proceedings, and the agreements were thus deemed rejected Pursuant to Article 8.1 of the Plan.

### Subcontractor Agreement (Montana)

17. BearingPoint also entered into a separate agreement with the State of Montana to implement certain software into the Montana Department of Motor Vehicles system. (the "Montana DMV Contract"). BearingPoint entered into an agreement with 3M, the Subcontractor Agreement (together with the Reseller Agreement, the "Agreements"), under which 3M performed certain subcontracting services. BearingPoint did not assume either the Montana DMV contract or the Subcontractor Agreement during its bankruptcy proceedings, and the agreements were thus deemed rejected pursuant to Article 8.1 of the Plan.

18. On November 12, 2008, BearingPoint and 3M entered into a letter agreement to settle a dispute related to 3M's work on the Subcontractor Agreement. 3M had issued BearingPoint an invoice in the amount of $1,119,390 under the agreement. BearingPoint contended that 3M's invoices exceeded the amounts set forth in the Subcontractor Agreement. Pursuant to the letter agreement, 3M issued a new adjusted invoice in the amount of $671,634.00, which BearingPoint was required to pay within fourteen days.

**COUNT I: AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**

19. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 to 18 of this Complaint as though they were set forth in this first cause of action. On or within ninety (90) days before the filing of the petition, BearingPoint, made certain transfers to 3M totaling $1,771,634.00 (the "Transfers"). A schedule of the Transfers is annexed hereto as Exhibit "1" and incorporated herein for all purposes.

20. The Transfers constituted transfers of an interest in property of BearingPoint.

21. At the time the Transfers were made, 3M was a creditor of BearingPoint on account of software licensed to BearingPoint under the Agreements.

22. The Transfers were made for and on account of an antecedent debt (the "Debt") owed by the BearingPoint to 3M under the Agreements. The first transfer in the amount of

5

$1,100,000 was made for amounts owed by BearingPoint to 3M under the Reseller Agreement. The second transfer, in the amount of $671,674 was made for amounts owed by BearingPoint under the Subcontractor Agreement and pursuant to the letter agreement.

23. The Transfers were made for the benefit of 3M as a creditor of BearingPoint.

24. At the time of the Transfers, BearingPoint was insolvent.

25. The Transfers also enabled 3M to receive more than 3M would have received if: (i) the case were administered under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) such creditor had received payment of the Debt to the extent provided in the Bankruptcy Code. In a chapter 7 liquidation, absent the Transfers, 3M would have received no distribution on account of the Debt.

26. Based on the foregoing, the Transfers constitute avoidable preferences pursuant to 11 U.S.C. § 547, and pursuant to 11 U.S.C. § 550, the Liquidating Trustee is entitled to recover $1,771,634.00 from 3M plus interest.

## COUNT II: DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(d)

27. The Liquidating Trustee repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 to 18 of this Complaint as though they were set forth here.

28. 3M has filed a proof of claim (Claim No. 808) against BearingPoint in the amount of $40,500. As set forth above, property is recoverable from 3M under 11 U.S.C. § 550 and 3M is a transferee of a transfer avoidable under 11 U.S.C. § 547. 3M has not paid the amount or turned over property for which 3M is liable to the Debtors or the Liquidating Trustee. Accordingly, pursuant to 11 U.S.C. § 502(d), Claim No. 808 must be disallowed. The Liquidating Trustee requests that all claims filed by 3M be disallowed.

## PRAYER FOR RELIEF

Based on the foregoing, the Liquidating Trustee requests that the Court enter a judgment against 3M for:

(a) avoidance and recovery of the Transfers in the amount of $1,771,634 or the value of such property to 3M and directing 3M to pay the Liquidating Trustee $1,771,634;

(b) pre-judgment interest;

(c) costs of suit;

(d) disallowance of Claim No. 808 filed by 3M; and

(e) such other and further relief, both at law and in equity, as the Court may deem just and proper.

Dated: March 2, 2010
New York, New York

/s/ Peter S. Goodman
Peter S. Goodman
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9200
Facsimile: (212) 402-9444

- and -

MCKOOL SMITH P.C.
Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

Exhibit "1"

| Date Paid | Check Amount |
|---|---|
| 11/26/08 | $671,634 |
| 12/17/08 | $1,100,000 |
|  | **$1,771,634** |